UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT CAMERON,

                Plaintiff,

-against-

DA DARCEL CLARK; ADA BRUCE BIRNS; ADA DAWN E. GUGLIELMO; DA ROBERT T. JOHNSON; HON. NICOLAS IaCOVETTA; HON. MARGARET L. CLANCY; ADA CLARA H. SALZBERG; LETITIA JAMES, NEW YORK STATE ATTORNEY GENERAL,

                Defendants.

21-CV-2383 (LTS)

ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Otis Bantum Correctional Center on Rikers Island, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Consequently, a prisoner who has filed at least three civil actions or appeals meeting these criteria is ineligible to proceed IFP and must pay the filing fees before the Court can entertain a new civil action unless the prisoner qualifies for the "imminent danger" exception.

The Court has identified the following actions or appeals filed by Plaintiff as strikes under § 1915(g):

1. *Cameron v. Wise*, ECF 1:09-CV-0967, 47 (S.D.N.Y. Aug. 4, 2011) (action dismissed for failure to state a claim, and under the doctrines of absolute judicial immunity and absolute prosecutorial immunity);[1]

2. *Cameron v. Wise*, No. 11-4208-pr (2d Cir. Mar. 6, 2012) (appeal dismissed because it "lacks an arguable basis in law or fact" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989));

3. *Cameron v. Diaz*, No. 09-5028-pr (2d Cir. Apr. 9, 2010 (appeal dismissed because it "lacks an arguable basis in law or fact" (quoting *Neitzke*, 490 U.S. at 325)).

*See also Cameron v. Diaz*, No. 09-CV-3264 (S.D.N.Y. Sept. 30, 2009) (dismissing the action under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) for failure to state a claim and for seeking relief against defendants who are immune from such relief); *Cameron v. Young*, No. 02-CV-6461 (S.D.N.Y. Aug. 14, 2002) (dismissing the action under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted and for seeking relief against defendants who are immune from such relief).

The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under 28 U.S.C. § 1915(g) from filing any actions IFP.

---

[1] The Second Circuit had held that dismissals under the doctrines of judicial immunity and prosecutorial immunity are frivolous for the purposes of § 1915(g) when it is clear that the defendants are immune from suit. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process"); *see also Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[2] Although the complaint is not a model of clarity, it appears that Plaintiff asserts claims of malicious prosecution against several judges and prosecutors arising from his 2010 Bronx County conviction. Because Plaintiff is barred under § 1915(g) from proceeding IFP and he fails to allege that he is "under imminent danger of serious physical injury," he must pay the filing fee for this action.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[3]

---

[2] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[3] Plaintiff is not barred from filing a new case by prepaying the filing fee.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 7, 2021
       New York, New York

                                         /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                  :

                                                  :      <u>AFFIRMATION</u>
                                                  :   <u>UNDER 28 U.S.C. § 1915(g)</u>
                   Plaintiff,               :

                                                  :   _____ Civ. _____ (  )
   -against-                                    :

                                                  :

                   Defendant(s).  :
-------------------------------------------------------------X

     I, _____, make the following Affirmation under the penalties
            [Plaintiff's name]
of perjury:

     I am the Plaintiff in this action and I respectfully submit this Affirmation in response to the Court's Order dated _____. I am not barred, pursuant to 28 U.S.C. § 1915(g), from filing actions under the terms of the statute because, while I have been a prisoner, I have not filed three or more cases that have been dismissed as frivolous, malicious or for failure to state a claim. [Please explain.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that the Court not bar me from filing future actions under the terms of 28 U.S.C. § 1915(g).

DATED: _____, 20___

_____
Signature

_____
Address

_____
City, State & Zip Code