UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILBERT CAMERON,<br><br>                  Plaintiff,<br><br>-against-<br><br>DA DARCEL CLARK; ADA BRUCE BIRNS; ADA DAWN GUGLIELMO; DA ROBERT T. JOHNSON; HON. NICOLAS IACOVETTA; HON. MARGARET L. CLANCY; ADA CLARA H. SALZBERG; LETITIA JAMES, NEW YORK STATE ATTORNEY GENERAL,<br><br>                  Defendants. | 21-CV-2383 (LTS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the Otis Bantum Correctional Center on Rikers Island, filed this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On May 7, 2021, the Court noted that, while a prisoner, Plaintiff had filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and it ordered Plaintiff to show cause within thirty days why he should not be barred under 28 U.S.C. § 1915(g) from filing future civil actions IFP in this Court while he is a prisoner. Plaintiff filed an affirmation on May 27, 2021, but the affirmation does not provide sufficient reason not to impose the above-described bar order. Plaintiff instead repeats his allegations that Defendants maliciously prosecuted him in connection with his 2010 Bronx County conviction.

## BAR ORDER

      While Plaintiff was a prisoner, he filed three or more actions or appeals that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Because Plaintiff has not shown cause why the bar order should not

be imposed, Plaintiff is barred from filing future civil actions IFP in this Court while he is a prisoner unless he is under imminent danger of serious physical injury. Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP and dismisses the amended complaint without prejudice under the PLRA's "three-strikes" rule.[1] *See* 28 U.S.C. § 1915(g).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 7, 2021
       New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

[1] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).